# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERVIN LEE MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-762-M |
| | ) |
| UNITED STATES PAROLE | ) |
| COMMISSION, | ) |
| | ) |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal parolee and state prisoner appearing *pro se* and *in forma pauperis*, has filed a Petition for Writ of Mandamus [Doc. No. 1]. The matter has been referred by United States Chief District Judge Vicki Miles-LaGrange for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of the claims brought by Plaintiff has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds Plaintiff's claims are both frivolous and the action fails to state any plausible claims upon which mandamus relief may be granted. Accordingly, it is recommended that the action be dismissed.

## I.  Background

Plaintiff is currently in the custody of the Oklahoma Department of Corrections serving a 15-year sentence for second-degree murder.[1] Plaintiff does not raise any claims related to his state conviction and sentence. Instead, Plaintiff challenges a federal detainer lodged against him

---

[1] Plaintiff identifies multiple state and federal convictions but does not clearly present the history surrounding those convictions and the nature of the sentences imposed. The Court, therefore, takes judicial notice of Plaintiff's criminal history as addressed in a previous federal habeas corpus action brought by him, *McCoy v. United States Parole Comm'n*, No. CIV-12-1355-HE, 2013 WL 1759565 at *1, fn.1 (W.D. Okla. April 24, 2013) (unpublished op.). As discussed in more detail herein, Plaintiff raises related, if not virtually identical, claims in this action.

and dated May 11, 2011. *See* Detainer [Doc. No. 1-1].[2] The United States Parole Commission (USPC) lodged the Detainer as a result of a federal parole violation warrant issued June 13, 2007 to revoke Plaintiff's parole due to the state criminal charges. Because Plaintiff remains in state custody, the warrant has not been executed.

## II. Previous Relief Sought by Plaintiff

Plaintiff previously filed a petition in this judicial district raising similar claims. Although Plaintiff cited 28 U.S.C. § 2255 as the statutory basis for his claims, the court determined his claims were properly construed as claims brought pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence, rather than the fact of his conviction. *See McCoy*, 2013 WL 1759565 at *1. *See also id.*, CIV-12-1355-HE, Petition (W.D. Okla. Dec. 6, 2012). The court found Plaintiff was not entitled to habeas relief. Specifically, the court determined no constitutional right to a parole revocation hearing exists until a prisoner is taken into custody as a parole violator and that any collateral consequences of the USPC's decision to lodge a detainer while the prisoner remains in state custody do not trigger due process protections. *See McCoy*, 2013 WL 1759565 at *1.

The court also addressed Plaintiff's claim that the USPC's delay in providing review of the detainer violated 18 U.S.C. § 4214(b)(1) and found that Plaintiff failed to demonstrate prejudice from the delay or bad faith on the part of the USPC, showings necessary to support granting habeas relief. *Id.* The court noted that "in the absence of 'prejudice or bad faith on the Commission's part, the appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute.'" *Id.* (*quoting Heath v. United States Parole*

---

[2] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

*Comm'n*, 788 F.2d 85, 89 (2d Cir. 1986)). Moreover, the court found that the USPC was "currently conducting the required review" further precluding any grant of habeas relief. *Id*.

As a final matter, the court addressed Plaintiff's claim that his federal sentence had expired. The court determined that Plaintiff's sentence "expires on April 30, 2016" and had not expired on February 27, 2013 as urged by Plaintiff. *Id*. at *2.

### III. Claims Raised in the Present Action

In this action, Plaintiff again alleges he has been unconstitutionally denied the right to a timely parole revocation hearing. Plaintiff contends that he was entitled to such a hearing at the time of his arrest in 2007 by the State of Oklahoma. Plaintiff claims the failure to conduct a timely revocation hearing requires the Detainer to be removed. As in the habeas action, he claims the Detainer is hindering his eligibility for certain programs and other benefits in relation to his state sentence. For example, he claims the Detainer prevents him from placement in a lower security prison.

Plaintiff also contends the USPC does not have jurisdiction over him. He appears to base this jurisdictional challenge on the contention that his federal sentence has expired and/or that by relinquishing his custody to the State of Oklahoma, the USPC lost jurisdiction over him.[3]

---

[3] Plaintiff also cites 18 U.S.C. § 4214(b) in his Petition which requires notice of and a dispositional review of the detainer lodged against him within 180 days. In the prior habeas action, the court found that the USPC was "currently conducting the required review." *See McCoy*, 2013 WL 1759565 at * 1. Plaintiff claims he has "never heard anything" from the USPC. *See* Petition at p. 5. But, significantly, in this action, Plaintiff challenges his right to a parole revocation hearing, not a dispositional review. *See, e.g., Hansen v. United States Parole Comm'r*, No. CIV-13-7320(RBK), 2014 WL 2653676 at *4 (D. N.J. June 12, 2014) (unpublished op.) (recognizing that the only remedy under § 4214(b)(1) is notice and a dispositional review). Moreover, as noted, the court addressed this issue in the habeas action and found the dispositional review was underway rendering moot any such claim for relief.

**IV.     Dismissal Pursuant to 29 U.S.C. § 1915(e)(2)(B)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss an action if it is frivolous or fails to state a claim upon which relief may be granted. *See id.*, § 1915(e)(2)(B)(i) and (ii). An action is frivolous if it attempts to assert the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An action should be dismissed for failure to state a claim upon which relief may be granted where the complaint fails to include enough facts to state a claim to relief that is plausible on its face. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).

**V.     Discussion**

Plaintiff frames the current action as one for mandamus relief. It appears he may have sued for mandamus relief because -- as set forth above -- his previous attempt at habeas relief on virtually the same grounds has been unsuccessful.[4]

Mandamus relief is available pursuant to 28 U.S.C. § 1361 which gives the district courts original jurisdiction over any action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*[5] "The extraordinary remedy of mandamus . . . will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (*quoting Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

---

[4] To the extent Plaintiff simply reurges the claims raised in his prior § 2241 petition, those claims should be dismissed as successive. *See* 28 U.S.C. § 2244(a); *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010).

[5] Plaintiff's reliance on Rule 21 of the Federal Rules of Appellate Procedure as a basis for mandamus relief is misplaced. Rule 21 governs mandamus relief directed to a court. Plaintiff does not seek to compel any action by a court.

Plaintiff does not state grounds upon which mandamus relief may be granted. Instead he attempts to assert the violation of a legal interest that clearly does not exist. Plaintiff's right to a parole revocation hearing is triggered when the parole violator warrant is executed, not when it is issued. *See United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008) ("[T]here is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators."). *See also Moody v. Daggett*, 429 U.S. 78, 87 (1976) (holding that the USPC could issue a warrant without promptly executing it or triggering the right to a hearing). And, as the court found in Plaintiff's § 2241 action, any adverse collateral consequences of the detainer while he remains in state custody do not trigger constitutional protections. *McCoy*, 2013 WL 1759565 at *1 (citations omitted). Because the parole warrant has not been executed, Plaintiff has failed to show that he has a clear and indisputable right to a parole revocation hearing at this time. *Compare Gabriel v. United States Parole Comm'n*, 319 F.App'x 742 (10th Cir. 2009) (dismissing as frivolous state inmate's petition for writ of mandamus to compel USPC to conduct a full parole revocation proceeding; because warrant had not been executed, inmate did not have a right to a hearing and USPC had no duty to provide him with one). Accordingly, Plaintiff is not entitled to a writ of mandamus.

Plaintiff's claim that the USPS does not have jurisdiction over him also lacks merit. As set forth, Plaintiff's federal sentence has not yet expired.[6] Moreover, the fact he is currently in state custody does not divest the USPC of jurisdiction. *See Small v. United States Bd. of Parole*, 421 F.2d 1388, 1389 (10th Cir. 1970).

---

[6] Indeed, where, as here, the warrant is issued prior to the expiration of the federal sentence, the USPC retains jurisdiction to conduct parole revocation proceedings even after expiration of the parolee's sentence. *See, e.g., Martin v. Luther*, 689 F.2d 109, 113-116 (7th Cir. 1982).

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) on grounds that Plaintiff's action is both frivolous and fails to state a claim upon which mandamus relief may be granted.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 18, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); LCvR 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v United States*, 950 F.2d 656 (10th Cir. 1991).

The Court Clerk is directed to mail a copy of this Report and Recommendation to the U.S. Attorney's Office on behalf of the Defendant for informational purposes.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 28th day of August, 2015.

BERNARD M. JONES
United States Magistrate Judge