# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERVIN LEE MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0762-HE |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ervin Lee McCoy, a federal parolee and state prisoner appearing *pro se* and *in forma pauperis*, has filed a petition for writ of mandamus. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Bernard M. Jones, who has recommended that the petition be dismissed. Plaintiff has objected to the Report and Recommendation.

Plaintiff, who currently is in state custody, challenges a federal detainer lodged against him. He claims he has been unconstitutionally denied the right to a timely parole revocation hearing and that the United States Parole Commission ("USPC") lacks jurisdiction over him.[1]

Conducting the initial review required by 28 U.S.C. § 1915(e)(2)(B), the magistrate judge rejected plaintiff's claim that he was entitled to madamus relief. He concluded that plaintiff is not entitled to a parole revocation hearing until the parole violator warrant is executed and he is taken into custody as a parole violator. He also rejected plaintiff's

---

[1] Plaintiff raised similar claims in a previous habeas petition. *McCoy v. United States Parole Comm'n*, 2013 WL 1759565 (W.D. Okla. April 24, 2013).

jurisdictional argument. He noted that plaintiff's federal sentence has not yet expired, and that the fact that plaintiff is currently in state custody does not divest the USPC of jurisdiction. He further noted that "where the warrant is issued prior to the expiration of the federal sentence, the USPC retains jurisdiction to conduct parole revocation proceedings even after expiration of the parolee's sentence." Doc. #19, p.6 n.6.

In his objection, plaintiff essentially reiterates the arguments made in his petition. He claims he is prejudiced by the USPC's detainer because it makes him ineligible for minimum security placement while he is in state custody and he will remain ineligible even after his federal sentence expires on April 30, 2016. He also asserts that defendant has violated his due process rights by failing to provide him with a revocation hearing. What he does not do is explain any error in the magistrate judge's various determinations.

Having conducted the required *de novo* review, the court agrees with the magistrate judge's analysis and his conclusion that plaintiff's claims are frivolous and the action fails to state any plausible claims upon which mandamus relief may be granted. Accordingly, the court ADOPTS the magistrate judge's Report and Recommendation and dismisses the petition. 28 U.S.C. § 1915(e)(2)B)(i) and (ii). After plaintiff has exhausted or waived his right to appeal, the dismissal will count as a "strike" under 28 U.S.C. §1915(g).

**IT IS SO ORDERED**.

Dated this 25th day of September, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE